Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIANA FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) COMPLAINT AND DEMAND FOR JURY |
| ASSOCIATED CREDIT SERVICES, INC., | ) TRIAL |
| | ) |
| Defendant. | ) (Unlawful Debt Collection Practices) |
| | ) |

## COMPLAINT

DIANA FLEMING ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSOCIATED CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).


## PARTIES

5.    Plaintiff is a natural person residing in Stanhope, New Jersey 07874.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Defendant is a national debt collection company with its corporate headquarters located at 115 Flanders Rd., Suite 140, Westborough, MA 01581.

9.    Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone that she has had for over two years.

14.     Plaintiff has only used this telephone as a cellular telephone.

15.     Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes, relating to a 2014 debt owed to First Energy.

17.     Beginning sometime in early July 2015, and continuing thereafter, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempt to collect the debt.

18.     Defendant has placed telephone calls to Plaintiff from (201) 942-5309.     The undersigned has confirmed that this telephone number belongs to Defendant.

19.     When placing these calls to Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

20.     Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded voice as an automated message would play at the outset of a call.

21.     Defendant's calls were not for emergency purposes, but rather to collect a debt.

22.     Upon initial communication, Plaintiff informed Defendant in early July 2015 that she was could not afford to make any payments and to stop calling her.

23.     Despite Plaintiff advising Defendant to stop calling as she was not able to make any payments, Defendant continued to call her cellular telephone number.

24.     Once Defendant was aware that its calls were unwanted, any further calls could only have been for the purpose of harassing and coercing payment from Plaintiff.

- 3 -

PLAINTIFF'S COMPLAINT

25.     Despite Plaintiff's repeatedly instructions to stop calling, Defendant ignored her requests and continued to call Plaintiff at least 30 times since revoking consent, continuing through December 2015.

26.     During these telephone calls with Plaintiff, Defendant's collectors made threats to Plaintiff.

27.     Specifically, Defendant threatened to pursue legal action if Plaintiff failed to make any payments.

28.     However, Defendant has not taken any legal action against Plaintiff.

29.     Based upon information and belief, Defendant did not intend to pursue legal action but made this threat with the intent to scare and coerce payment from Plaintiff.

30.     Ultimately, Plaintiff was forced to download an application on her cellular telephone in order to stop receiving calls from Defendant.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

31.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

32.     A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33.     Defendant violated §§1692d and 1692d(5) of the FDCPA when it placed repetitive telephone calls to Plaintiff's cellular telephone, on average, multiple times per week, and continuing through December 2015, despite Plaintiff telling Defendant to stop calling.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT II**
**DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA**

34.     A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35.     A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

36.     A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37.     Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to take legal action against Plaintiff without the intend to take such actions.

**COUNT III**
**DEFENDANT VIOLATED THE TCPA**

38.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

39.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

40.     Defendant's calls to Plaintiff were not made for emergency purposes, but rather to attempt to collect a debt relating to First Energy.

41.     Defendant's calls to Plaintiff after early July 2015 were not made with Plaintiff's prior express consent.

- 5 -

42.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DIANA FLEMING, respectfully prays for judgment as follows:

a.   All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692(k)(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

1

h.   Any other relief deemed appropriate by this Honorable Court.

2

3
**DEMAND FOR JURY TRIAL**

4
PLEASE TAKE NOTICE that Plaintiff, DIANA FLEMING, demands a jury trial in this

5
case.

6

7
**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

8
I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not

9
subject to any other action pending in any court, arbitration or administrative proceeding.

10

11

12

13
Respectfully submitted,

14
Dated: 6/10/16                    By:      /s/ Amy L. Bennecoff Ginsburg
                                           Amy L. Bennecoff Ginsburg, Esq.

15
                                           Kimmel & Silverman, P.C.
                                           30 East Butler Pike

16
                                           Ambler, PA 19002
                                           Phone: (215) 540-8888

17
                                           Email: aginsburg@creditlaw.com

18

19

20

21

22

23

24

25

- 7 -